IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| KARTHIGEYAN SEETHARMAN and JAYASHREE MUTHUSWAMY, | CV 07-967-PK |
| Plaintiffs, | OPINION AND ORDER |
| v. | |
| MICHAEL CHERTOFF, as Secretary of the Department of Homeland Security; EMILIO T. GONZALEZ, as Director of the United States Citizenship and Immigration Services; GERALD HEINAUER, as Director of the United States Citizenship and Immigration Services Nebraska Service Center; ROBERT S. MUELLER III, Director of the Federal Bureau of Investigation; and ALBERTO GONZALES, Attorney General of the United States Department of Justice, | |
| Defendants. | |

PAPAK, Magistrate Judge:

Plaintiffs are both citizens of India who are seeking to become lawful permanent residents and, ultimately, naturalized citizens of the United States. On March 1, 2004, Plaintiffs filed an I-485 application with United States Citizenship and Immigration Services ("USCIS") in

Page 1 - OPINION AND ORDER

order to adjust their immigration status to that of lawful permanent residents.  As of June 29, 2007, Plaintiffs' application had not been fully adjudicated so they filed this lawsuit seeking to compel Defendants to "properly and expeditiously adjudicate" their I-485 application, and to "expedite and complete the FBI name check" so their application could be processed.  (Compl. ¶ 40.)

Before the Court are Plaintiffs' Amended Motion for Summary Judgment (#32), Defendants' Motion for Summary Judgment (#39), and Plaintiffs' Motion to Strike Exhibits 1 and 6 and Paragraphs 1 and 8 of the Declaration of Karen M. Williams (#55).  For the reasons set forth below, Plaintiffs' Motion for Summary Judgment is denied, Defendants' Motion for Summary Judgment is granted, and Plaintiffs' Motion to Strike is denied.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Summary judgment is not proper if material factual issues exist for trial.  *See*, *e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 318, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995), *cert. denied,* 116 S.Ct. 1261 (1996).  In evaluating a motion for summary judgment, the district courts of the United States must draw all reasonable inferences in favor of the nonmoving party, and may neither make credibility determinations nor perform any weighing of the evidence.  *See*, *e.g.*, *Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 554-55 (1990); *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000).

FACTUAL BACKGROUND

Plaintiff Karthigeyan Seetharaman ("Seetharaman") was born in India in 1975. He holds a Bachelor's degree in Engineering from Madras University and is currently pursuing a Masters in Engineering and Technology Management at Portland State University. He came to the United States in 1996 on a valid non-immigrant H1-B visa sponsored by his employer at the time.

Plaintiff Jayashree Muthuswamy ("Muthuswamy") was born in India in 1978. She has a Bachelor's degree in Engineering from Madras University and a Masters in Electrical Engineering from Portland State University. She and Seetharaman were married in Chennai, India in February 2000, and Muthuswamy came to the United States in March 2000 on a valid H4 visa.

Since June 2000, Seetharaman has been employed by Freightliner LLC. On November 2, 2001, Freightliner applied for a labor certification on Seetharaman's behalf, which began the process for Plaintiffs to obtain permanent residency. On March 1, 2004, Freightliner submitted an I-140 petition for immigration status.[1]

Also on March 1, 2004, Seetharaman[2] filed an I-485 application to adjust his and his wife's status to that of lawful permanent residents. On March 18, 2004, USCIS initiated name checks with the FBI. Muthuswamy's name check was completed that same day. Seetharaman's name check revealed a hit, but after further review his name check cleared on September 13, 2004.

---

[1]That petition was approved on May 5, 2005.

[2]Seetharaman is the primary applicant, and Muthuswamy is a derivative applicant.

Page 3 - OPINION AND ORDER

It is unclear from the record what, if anything, USCIS did to further Plaintiffs' I-485 application between September 2004 and June 2006. But on June 13, 2006, USCIS sent Plaintiffs a Request for Evidence ("RFE") seeking further documentation in support of their application. One of the items requested by the RFE was Muthuswamy's original birth certificate. The RFE warned that the "documentation submitted is not sufficient to warrant favorable consideration of your petition/application" because, among other things, "the copy of the your birth certificate has what appears to be items that were erased and therefore is unacceptable." Specifically, the RFE instructed Plaintiffs to "[s]ubmit the ORIGINAL and a photocopy of your birth certificate showing your parentage, which has been registered with the proper civil authorities of the country of your birth." The RFE had a compliance due date of September 5, 2006.

On July 28, 2006, Plaintiffs submitted a response to the RFE. Plaintiffs provided all the requested documentation to USCIS, with one exception – they did not include Muthuswamy's *original* birth certificate. Instead, they submitted another *copy* of her birth certificate but this time the copy did not have erasure marks on it. Plaintiffs now claim that they were unable to obtain the original birth certification prior to the September 5, 2006 deadline, but they did not notify USCIS of this problem at the time they responded to the RFE.

On August 24, 2007, USCIS sent notice to Muthuswamy asking that she appear for an interview on October 15, 2007. The notice instructed Muthuswamy to bring with her, among other things, her original birth certificate. Muthuswamy did appear for her October 15, 2007 interview, and she produced her original birth certificate to USCIS for the first time.

The Federal Bureau of Investigation has completed all security checks USCIS requested

for Plaintiffs. On September 24, 2007, USCIS approved Seetharaman's I-485 application and because a visa number was available his status was adjusted to that of a lawful permanent resident. Defendants concede that Muthuswamy has now provided sufficient evidence for USCIS to approve her I-485 application and will do so when the State Department notifies USCIS that a visa is available for her.

## ANALYSIS

Because Seetharaman's I-485 application has been fully adjudicated, all claims as to his application are dismissed as moot. Furthermore, because all FBI security checks have been completed, all claims against Defendants Mueller and Mukasey[3] are also dismissed as moot.

This Court must now consider whether it may direct the appropriate defendants to adjudicate Muthuswamy's I-485 application. The two issues that remain are: (1) whether the court has subject matter jurisdiction; and, if so, (2) whether there has been unreasonable delay in adjudicating Muthuswamy's application.

I.   Jurisdiction

The complaint invokes this Court's jurisdiction under 28 U.S.C. § 1361 (the Mandamus Act), 5 U.S.C. § 702, *et seq.* (the Administrative Procedures Act, "APA"), and 28 U.S.C. § 1331 (federal question jurisdiction). Federal question jurisdiction under 28 U.S.C. § 1331 does not itself confer subject matter jurisdiction, but must instead be supported by an underlying question of federal law. A valid claim under the APA is sufficient to provide a basis for federal question jurisdiction under 28 U.S.C. § 1331. *Bowen v. Massachusetts*, 487 U.S. 879, 891 (1988) ("[I]f review is proper under the APA, [there is] jurisdiction under 28 U.S.C § 1331."). Furthermore, if

---

[3]Attorney General Michael Mukasey was substituted for Defendant Alberto Gonzales.

Plaintiffs may proceed under the APA the court need not consider whether jurisdiction exists under the Mandamus Act.  *See R.T. Vanderbilt Co. v. Babbitt*, 113 F.3d 1061, 1065 (9th Cir. 1997); *Independence Mining Co., Inc. v. Babbitt*, 105 F.3d 502, 507 (9th Cir. 1997); *Liu v. Chertoff*, 2007 WL 2435157, *5 (D. Or. 2007).  The relief offered by the Mandamus Act and the APA "are virtually equivalent when a petitioner seeks to compel an agency to act on a nondiscretionary duty."  *Independence Mining Co.*, 105 F.3d at 507.

Judicial review is available under the APA unless another statute precludes judicial review, or the challenge is to actions "committed to the agency discretion by law."  5 U.S.C. § 701(a).  Defendants argue that 8 U.S.C. § 1252(a)(2)(B) strips courts of jurisdiction to hear challenges to the pacing of adjudication.  Defendants also argue that the pace of adjudication is not an "action," and that the pace of adjudication is committed to the Attorney General's discretion and is therefore non-reviewable.  Each of these arguments were thoroughly analyzed and rejected by Judge Stewart in *Liu v. Chertoff*, 2007 WL 2435157, *5 (D. Or. 2007), which Defendants failed to distinguish or even cite.  I find Judge Stewart's reasoning persuasive and concur in her holding that Defendants have a nondiscretionary duty to adjudicate I-485 applications within a reasonable time, and that 8 U.S.C. § 1252(a)(2)(B) does not bar this APA claim.  Accordingly, this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in conjunction with the APA.

II.     Whether Delay Is Unreasonable

Under the APA, courts may compel "agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. § 706(1).  "What constitutes an unreasonable delay in the context of immigration applications depends to a great extent on the facts of the particular case."  *Gelfer v.*

Page 6 - OPINION AND ORDER

*Chertoff*, 2007 WL 902382 at *2 (N.D. Cal. 2007) (quoting *Yu v. Brown*, 36 F.Supp.2d at 932). To determine whether a delay is unreasonable courts typically look at the source of the delay, including factors such as the complexity of the investigation "as well as the extent to which the defendant participated in delaying the proceeding." *Singh v. Still*, 470 F.Supp.2d 1064, 1068 (N.D. Cal. 2007).

There has been a recent surge in cases involving delayed immigration applications. Under the most common fact pattern, an immigration application is submitted to USCIS and the application is submitted to the FBI for investigation where it languishes, sometimes for years, with no progress whatsoever. *See*, *e.g.*, *Dong v. Chertoff*, 513 F.Supp.2d 1158 (N.D. Cal. 2007); *Konchitsky v. Chertoff*, 2007 WL 2070325; *Clayton v. Chertoff,* 2007 WL 2904049 (N.D. Cal. 2007); *Huang v. Chertoff*, 2007 WL 1831105 (N.D. Cal. 2007); *Liu v. Chertoff*, 2007 WL 2433337 (E.D. Cal. 2007); *Liang v. Attorney General of U.S.*, 2007 WL 3225441 (N.D. Cal. 2007). In each of the cases cited above, the district courts found unreasonable delay and ordered the defendants to adjudicate the plaintiff's application.

While I am concerned about the length of time Muthuswamy's application has been pending, I do not find unreasonable delay necessary to support an order directing agency action. There are two important distinguishing factors between the cases cited above and the one before me. First, in this case USCIS has shown that Musthuswamy's application has significantly progressed since its filing. All FBI security clearances have been conducted and cleared. Her husband's application has been fully adjudicated, and as of September 2007, he is a lawful permanent resident. USCIS made a request for evidence in June 2006, and interviewed Muthuswamy in October 2007. Although nearly four years has passed since Muthuswamy's I-

485 application was submitted, the mere passage of time is not enough to make a delay unreasonable. *Singh v. Ilchert*, 784 F.Supp. 759, 765 (N.D. Cal. 1992).

Second, and more importantly, Muthuswamy's own failure to comply with USCIS's RFE significantly contributed to the length of time her application has been pending. While USCIS surely could have, and probably should have, requested the additional evidence sooner than June 2006, Muthuswamy stalled her own application by not submitting her original birth certificate until eighteen months after USCIS requested it. USCIS could have denied Muthuswamy's application for failure to comply with the request for evidence. Instead, it scheduled an interview for Muthuswamy in October 2007 and accepted her original birth certificate at that time. Muthuswamy is now statutorily eligible to have her status adjusted, and USCIS is prepared to adjudicate her application when a visa becomes available from the State Department.[4] Because the case has continued to progress and Muthuswamy bears responsibility for the most recent eighteen months of delay, Defendants have not, as a matter of law, unreasonably delayed in processing her application. That being said, Defendants are certainly complicit in some of the delay in this case and as a result Plaintiffs have missed several opportunities to have their I-485 application approved during times when visa numbers were available to them. Defendants are strongly encouraged to approve Muthuswamy's application

---

[4]Muthuswamy falls in the visa category of a third preference, employment-based applicant from India with a labor certification. Congress has placed limits on the number of visas allowed for various immigrant categories, and the State Department is charged with monitoring and controlling the availability of these limited visas. At the time the parties filed their motions, visas were available to applicants in Muthuswamy's category with a priority date of April 22, 2001 or earlier. Muthuswamy's priority date is November 1, 2001. As a result, even though USCIS is prepared to adjudicate Muthuswamy's application, it cannot do so until the State Department indicates a visa is available for her.

Page 8 - OPINION AND ORDER

with no additional delay.

III.     Motion to Strike

Plaintiffs move to strike Exhibits 1 and 6 and Paragraphs 1 and 8 of the Declaration of Karen M. Williams (the "Declaration"). Karen Williams is an Adjudications Officer in the Portland, Oregon office of USCIS. Plaintiffs argue that because they filed their I-485 applications in Lincoln, Nebraska and not Oregon that Ms. Williams' testimony "cannot be credible and is inadmissible hearsay." However, Ms. Williams states that she reviewed Plaintiffs' administrative file and I find she is competent to testify to the matters in her Declaration and that the Declaration does not contain inadmissible hearsay. Plaintiffs' motion to strike Paragraph 1 is denied.

Exhibit 1 is the same document that Plaintiffs include as Exhibit 2 to Plaintiffs' Supplemental Concise Statement of Facts. Plaintiffs' motion to strike Exhibit 1 is denied.

Exhibit 6 is a printout from the USCIS website dated November 8, 2007, and Paragraph 8 of the Declaration explains that the USCIS website advises aliens to apply to renew their employment authorization document ("EAD") six months in advance of its expiration. Plaintiffs argue that the November 2007 printout is not relevant because they applied for their EADs prior to November 2007. Plaintiffs' arguments go to the weight to be accorded the evidence rather than admissibility. Plaintiffs' motion to strike Exhibit 6 and Paragraph 8 is denied.

///

///

///

///

CONCLUSION

For the reasons set forth above, Plaintiffs' Amended Motion for Summary Judgment (# 32) is DENIED, Defendants' Motion for Summary Judgment (# 39) is GRANTED, and Plaintiffs' Motion to Strike (# 55) is DENIED.

Dated this 4th day of February, 2008.

                                          /s/ Paul Papak
                                          Honorable Paul Papak
                                          United States Magistrate Judge